**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

Governor GREG ABBOTT, in his official
capacity as Governor of the State of Texas; and
Governor MIKE DUNLEAVY, in his official
capacity as Governor of the State of Alaska,

    *Plaintiffs*,

       v.

JOSEPH R. BIDEN, JR., in his official capacity
as President of the United States, *et al.*,

    *Defendants*.

No. 6:22-cv-3-JCB

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, Defendants Joseph R. Biden, United States

Department of Defense ("DoD"), Lloyd Austin, Department of the Air Force, Frank Kendall III,

Department of the Army, and Christine Wormuth (collectively, "Defendants"), by and through their

undersigned counsel, all in their official capacities, answer the separately numbered paragraphs and

prayer for relief contained in the Amended Complaint (ECF No. 4) as follows:

### I. INTRODUCTION[1]

1.      This paragraph contains Plaintiffs' characterization of this action; the paragraph does

not allege facts, so no response is required.  To the extent a response is deemed required,

Defendants admit that States and the Federal government each have authority over the National

Guard as described in the Constitution and other relevant statutes, otherwise deny.

2.      This paragraph contains Plaintiffs' characterization of this action; the paragraph does

---

[1] Defendants have included Plaintiffs' headings as a helpful reference.  The headings are not factual allegations to which a
response is required.

not allege facts, so no response is required.  To the extent a response is deemed required, Defendants admit that they have a policy that requires COVID-19 vaccination for members of the National Guard.  Otherwise, deny.

3.      This paragraph contains Plaintiffs' characterization of this action; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants admit that Greg Abbott, in his official capacity as Governor of the State of Texas, and Mike Dunleavy, in his official capacity as Governor of the State of Alaska are plaintiffs in this case. Defendants otherwise deny.

## II. PARTIES

4.      Admit, except deny that Plaintiff Abbott is the commander-in-chief over Texas National Guard units or members in federal service.

5.      Admit, except deny that Plaintiff Dunleavy is the commander-in-chief over Alaska National Guard units or members in federal service.

6.      Admit.

7.      Admit.

8.      Admit.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit.

13.     This paragraph defines a term that Plaintiffs use in their Amended Complaint; the paragraph does not allege facts, so no response is required.  Otherwise, deny.

## III. JURISDICTION AND VENUE

14.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so

no response is required.  To the extent a response is deemed required, deny.

15.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

16.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

### IV. LEGAL BACKGROUND

17.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants admit that States and the Federal government each have authority over the National Guard as described in the Constitution and relevant statutes, otherwise deny.

18.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that States and the Federal government each have authority over the National Guard as described in the Constitution and relevant statutes.  Defendants also admit that the Tenth Amendment states that: "The power not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  Otherwise, deny.

19.     Admit.

20.     Admit.

21.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

22.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that under the Tenth Amendment "[t]he power not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  Otherwise,

deny.

23.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that the organized "militia" referred to in the U.S. Constitution is now known as the National Guard. Defendant admits that the term "National Guard" can refer to the National Guard of the United States, which includes the Army National Guard of the United States and the Air National Guard of the United States, which are reserve components of the respective federal military departments.  The term "National Guard" can also refer to the state components of the National Guard, such as the Texas National Guard or Alaska National Guard.  Otherwise, deny.

24.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the cited case for a complete and accurate statement of its contents.  Otherwise, admit.

25.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that the Amended Complaint accurately quotes from the cited case, but refers to the opinion in its entirety for the context of the quoted phrase.

26.     Defendants admit that every member of the National Guard, including members of the Texas National Guard and Alaska National Guard swears an oath to obey the orders of the President and of the Governor.  Otherwise, deny.

27.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the Texas Constitution for a complete and accurate statement of its contents, but deny that it has any relevance to the legal issues in this case other than to limit the powers of the Texas Governor.  Otherwise, deny.

28.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the Alaska Constitution  for a complete and accurate statement of its contents, but deny that it has any relevance to the legal issues in this case other than to limit the powers of the Alaska governor. Otherwise, deny.

29.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the cited documents for a complete and accurate statement of its contents.

30.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the Texas state laws for their contents, but deny that they have any relevance to the legal issues in this case other than to limit the powers of the Texas governor.  Otherwise, deny.

31.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the Alaska state laws for their contents, but deny that they have any relevance to the legal issues in this case other than to limit the powers of the Alaska governor.  Otherwise, deny.

32.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the Texas state laws for their contents (Defendants assume that Plaintiffs are referring to Texas Gov't Code), but deny that they have any relevance to the legal issues in this case other than to limit the powers of the Texas governor.  Otherwise, deny.

33.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that members of the National Guard can serve in federal service pursuant to Title 10 of the U.S. Code,

full- or part-time National Guard duty pursuant to Title 32 of the U.S. Code, or state active duty. Defendants admit that service and training under Title 10 and 32 is paid for by the federal government, and Defendants admit that State Active Duty service is state-funded and under exclusive state command.  Otherwise, deny.

34.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to Title 10 for a complete and accurate statement of its contents.

35.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.   To the extent a response is deemed required, the allegations are ambiguous and Defendants deny.

36.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that when members of the National Guard are subject to Title 10 orders, they are in actual service to the United States, the President is their commander-in-chief, and they are subject to the authority of the federal government, including the Uniform Code of Military Justice.  Otherwise, deny.

37.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that the Governor of Texas and Alaska have some authority over the Texas and Alaska National Guard, respectively, until the members of the National Guard are called into federal service.  Otherwise, deny.

38.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants admit that when members of the National Guard are serving under Title 32, that service is funded by the federal government and the member serves under state command, unless called to active federal duty.

Otherwise, deny.

39.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants admit that members of the Texas and Alaska National Guard who are not serving under Title 10 are under the command of the Governor, unless called to active federal duty, but note any Title 32 service must conform with the "discipline prescribed by Congress" and other federal officials.  U.S. Const., Art. I, §8, cl. 16.

40.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants admit that members of the National Guard serving under Title 32 are subject to state military codes and not the Uniform Code of Military Justice unless they are subject to Title 10 orders.  Defendants also admit that the Governor is the commander in chief for individuals serving on Title 32 status, but note that any Title 32 service must conform with the "discipline prescribed by Congress" and other federal officials.  U.S. Const., Art. I, §8, cl. 16.

41.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, admit.

42.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants refer to the Texas state laws for their contents, but deny that those laws have any relevance to the legal issues in this case other than to limit the powers of the Texas governor.

43.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, admit except that service under Title 32 is federally funded.

44.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so

no response is required. To the extent a response is deemed required, deny.

45. This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants refer to the cited statute and the United States Constitution for a complete and accurate statement of its contents. Defendants also admit that the federal government may withhold federal benefits for noncompliance with federal regulations. 32 U.S.C. § 108. Otherwise, deny.

46. This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, admit.

47. This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, Defendants admit that Secretaries can conduct inspections pursuant to 32 U.S.C. § 105. Otherwise, deny.

## V. FACTUAL BACKGROUND

48. Deny.

49. Deny.

50. Defendants refer to the cited document in their entirety for its content. Otherwise, deny.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

52. Defendants admit that on November 30, 2021, Secretary Austin issued the memo attached to the Amended Complaint as Exhibit 4, and refer to that document for its content. Otherwise, deny.

53. Defendants admit that the Secretaries of the Air Force and Army issued directives and orders related to COVID-19 vaccinations.

54. Defendants admit that on December 7, 2021, Secretary of the Air Force Frank

Kendall issued a memorandum regarding members of the Air Force, Space Force, Air Force Reserve, and Air National Guard, which is attached to the Amended Complaint as Exhibit 5. Defendants refer to that document for its content.  Otherwise, deny.

55.     Defendants admit that the Secretary of the Air Force December 7 memo states that those who have not complied with the COVID-19 vaccination requirement without an exemption or a pending exemption request "will result in the member being subject to the initiation of administrative discharge proceedings."  Defendants refer to that document for its content, and otherwise deny.

56.     Defendants admit that the Secretary of the Air Force December 7 memo includes Attachment 2 which set out supplementary guidance for Air Guardsmen.  Defendants refer to that document for a complete and accurate statement of its contents.  Otherwise, deny.

57.     Defendants refer to the referenced December 7 memo for a complete and accurate statement of its contents

58.     Defendants refer to that the December 7 memo for a complete and accurate statement of its contents, and otherwise deny.

59.     Defendants admit that on September 14, 2021, the Secretary of the Army issued an order regarding the COVID-19 vaccination requirement.  Defendants refer to that document for a complete and accurate statement of its contents, and otherwise deny.

60.     Defendants admit that on December 14, 2021, the Secretary of the Army issued a subsequent order regarding the COVID-19 vaccination requirement. Defendants refer to that document for a complete and accurate statement of its contents, and otherwise deny.

61.     Defendants admit that the Secretary of Defense received a letter from Governor Dunleavy dated December 14, 2021.  Otherwise, deny.  The Secretary of Defense responded on January 27, 2022.

9

62.     Deny.

63.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

64.     Defendants admit that Guardsmen who do not comply with the vaccination requirement absent a pending or granted exception after the deadline will not be permitted to participate in drills, training, or duties pursuant to Title 32 that are paid for by the federal government.  Defendants refer to the applicable memos and guidance documents for their contents. The remaining allegations in this paragraph contain speculation, and Defendants deny.

65.     Defendants do not have a sufficient basis to admit or deny the allegations in this paragraph, and therefore deny.

66.     Deny.  Defendants also deny the allegations in the footnote.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

70.     Deny.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

72.     Defendants admit that the Alaska National Guard is an important resource in maintaining the well-being and safety of the citizens of Alaska and the Nation as a whole. Otherwise, deny this paragraph.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth

10

of the allegations in this paragraph, and therefore deny.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny.

76.     Deny.

77.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

78.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

79.     The allegations in this paragraph contain the Plaintiffs' characterization of its own lawsuit, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, deny.

### VI. CLAIMS FOR RELIEF

80.     Defendants incorporate their responses to each paragraph into their response.

### COUNT I: ULTRA VIRES CONDUCT (U.S. CONST. ART. I, § 8; ART. II, § 2)

81.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

82.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that members of the Texas and Alaska National Guard who are not serving under Title 10 are under the command of the Governor, but note any Title 32 service must conform with the "discipline prescribed by Congress." U.S. Const., Art. I, §8, cl. 16.

83.     This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so

no response is required.  To the extent a response is deemed required, Defendants admit that members of the Texas and Alaska National Guard who are not serving under Title 10 are under the command of the Governor, but note any Title 32 service must conform with the "discipline prescribed by Congress." U.S. Const., Art. I, §8, cl. 16.

84.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants admit that members of the Texas and Alaska National Guard who are not serving under Title 10 are under the command of the Governor, but note any Title 32 service must conform with the "discipline prescribed by Congress." U.S. Const., Art. I, §8, cl. 16. Defendants also admit that the President serves as commander in chief when members of the National Guard are in federal service. Otherwise, deny.

85.    Deny.

86.    Deny.

87.    Deny.

88.    Deny.

89.    Deny.

### COUNT II: ULTRA VIRES CONDUCT (10TH AMENDMENT)

90.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, admit that one purpose of the structure of the U.S. Constitution and the Tenth Amendment is to delineate the respective authority of the federal and state governments.  Otherwise, deny.

91.    This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the content of the Tenth Amendment, which says "The powers not delegated to the United States by

the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  Otherwise, deny.

92.	Deny.

93.	Deny.

### COUNT III: ULTRA VIRES CONDUCT (TITLE 10 AND TITLE 32)

94.	Deny.

### COUNT IV: ADMINISTRATIVE PROCEDURE ACT

95.	This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the content of the statutes cited.

96.	This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the content of the cited statutes and opinions.

97.	The allegations in this paragraph are too ambiguous to admit or deny, so Defendants deny.

98.	Deny.

99.	Deny.

100.	Deny.

### COUNT V: ADMINISTRATIVE PROCEDURE ACT

101.	Deny.

102.	This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, deny.

103.	Deny.

### COUNT VI: ADMINISTRATIVE PROCEDURE ACT

104.   Deny.

105.   This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

106.   Deny.

### COUNT VII: DECLARATORY JUDGMENT

107.   This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required.  To the extent a response is deemed required, Defendants refer to the statute and cited opinion for their content.  Otherwise, deny.

108.   Deny.

### VII. PRAYER FOR RELIEF

The remaining paragraphs of the Amended Complaint contain Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and further state that Plaintiffs are not entitled to any relief.

Defendants deny all allegations in the Amended Complaint not expressly admitted.

### DEFENSES

Defendants reserve the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known.

Dated: July 15, 2022                           Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General

                                               ANTHONY J. COPPOLINO

Deputy Director

/s/ *Zachary A. Avallone*
ANDREW E. CARMICHAEL
Senior Trial Counsel
ZACHARY A. AVALLONE (DC Bar No. 1023361)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-2705
E-mail: zachary.a.avallone@usdoj.gov

BRIT FEATHERSTON
United States Attorney

JAMES GILLINGMAN
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street, Suite 700
Tyler, Texas 75702

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 15, 2022, this document and attachments were filed through the Court's

CM/ECF system, which automatically serves all counsel of record.

*/s/ Zachary A. Avallone*