UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00003

**Greg Abbott et al.,**
*Plaintiffs,*

v.

**Joseph R. Biden et al.,**
*Defendants.*

**ORDER**

 The court previously stayed this case until 30 days after the Fifth Circuit issued its mandate in its Case No. 22-40399, the appeal from this court's ruling on the motion for a preliminary injunction. This court further directed each party to file a status report before that stay lifts after the Fifth Circuit's mandate.

 The Fifth Circuit issued its mandate on August 25, 2023, making this court's stay expire on September 25, 2023. The court leaves that deadline intact but expands on its prior order by specifying topics for the parties' upcoming status report in light of the Fifth Circuit's judgment and opinion. Each side's status report must include its position on the following questions so that the court can intelligently set a schedule and begin preparations for any trial or further hearing in this matter:

1. With this court's ruling on plaintiffs' motion for a preliminary injunction now vacated, do any reasons counsel for or against this court advancing the trial on the merits and consolidating it with the decision on preliminary relief? *See* Fed. R. Civ. P. 65(a)(2). In light of the recission of the mandate in question, do plaintiffs still desire to press their motion for preliminary relief, as opposed to permanent relief?

2. For a bench trial on the merits, must an administrative record be prepared? Assuming that one is prepared, by what deadline must plaintiffs provide a designation of agency actions as

    the basis for preparation of that record, and by what deadline must defendants file that record?

3. In a bench trial on the merits, should the court allow testimony from historian or linguistics experts and make findings of fact (not necessarily conclusions of law) on the original public understanding of the relevant constitutional terms and on liquidated meaning, if not for Fifth Circuit use given the panel precedent here, then for the Supreme Court's use should it grant review? *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2130 n.6 (2022) (noting that the historical inquiry "relies on 'various evidentiary principles and default rules'" and holding: "Courts are thus entitled to decide a case based on the historical record compiled by the parties") (citing W. Baude & S. Sachs, *Originalism and the Law of the Past*, 37 L. & Hist. Rev. 809, 810–811 (2019)).

4. Will the bench trial on the merits encompass legal issues other than those resolved in the Fifth Circuit's decision in the interlocutory appeal? Specifically address whether the following issues will be litigated and provide any overview of the party's position:

    a. Whether the APA claims are justiciable despite the carve-outs cited in Part III.A of the opinion accompanying the Fifth Circuit's judgment, which was not joined by any other judge on the panel and thus is not binding.

    b. Whether the Fifth Circuit's reasoning means that the constitutionality of 32 U.S.C. § 327(b)(1) is "draw[n] into question" by this suit, Fed. R. Civ. P. 5.1(a), and, if so, whether defendants agree that the time for the Attorney General to intervene as a party under Rule 5.1 has been satisfied or is waived, such that this court may enter a final judgment.

    c. Any suggestion by plaintiffs that the Texas National Guard or Alaska National Guard is the entirety of that State's "militia," within the meaning of the Constitution, as opposed to merely a subset of that State's militia.

  d. Any standing or mootness matters not resolved in this court by the binding force of the Fifth Circuit's decision.

  e. Whether even the non-federalized National Guard of a State is "employed in the service of the United States" within the meaning of the Second Militia Clause by virtue of its members' voluntary dual-enrollment in a reserve component of the United States Armed Forces and concomitant receipt of federal pay and benefits.

  f. Whether the court must study the effect of the Supreme Court's holding in *Perpich v. Department of Defense* that National Guard members can be called into federal service for training outside of the three scenarios listed in the First Militia Clause, potentially indicating that Congress's power over the National Guard arises from sources other than its power over the remainder of a State's militia because of congressional funding and the dual-enlistment condition of National Guard enrollment. 496 U.S. 334, 350 (1990) ("The congressional power to call forth the militia may in appropriate cases supplement its broader power to raise armies and provide for the common defense and general welfare, but it does not limit those powers.").

*So ordered by the court on August 30, 2023.*

           J. CAMPBELL BARKER
           United States District Judge